IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

APR 1 1 2014

CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA,

v.                                     CRIMINAL ACTION NO. 4:13cr43-8

ANTOINE MAURICE RICHARDSON,

Defendant.

### MEMORANDUM ORDER

This matter is before the Court on the Government's unopposed Motion for Inquiry into Potential Conflict of Interest filed on March 26, 2014.  ECF No. 367.  The Court held a hearing on the Motion on April 8, 2014.  Defendant Antoine Richardson, his appointed Defense Counsel Fernando Groene, and counsel for the United States were present.

Defendant was named in a Second Superseding Indictment filed on October 15, 2013, and is charged with one count of Conspiracy to Distribute and Possess With Intent to Distribute Cocaine, Cocaine Base, and Heroin, 21 U.S.C. § 846; two counts of Distribution and Possession with Intent to Distribute Heroin and Cocaine Base, 21 U.S.C. § 841(a)(1); and three counts of Use of a Communication Facility to Facilitate a Felony Drug Offense, 21 U.S.C. § 843(b).  On October 21, 2013, the Court granted Defendant's first appointed counsel's joint motion to withdraw because of a conflict of interest.  On October 23, 2013, the Court appointed Gregory Matthews as Defendant's new defense counsel. However, on February 3, 2014 the Court granted Mr. Matthews and Defendant's motions to appoint new counsel after finding that they had become incapable of communicating with one another to conduct an adequate defense.  ECF No. 330.  In the same Order, the Court appointed Mr. Groene as Defendant's

1

new counsel.

On March 26, 2014, the Government filed the instant Motion.   It informed the Court that Mr. Groene also represents an individual who pleaded guilty and who has an adverse relationship with Defendant.   Specifically, that individual has agreed to cooperate with the Government and has provided information adverse to Defendant.   Therefore, it asserted that Mr. Groene clearly has an actual conflict of interest and should be disqualified from representing Defendant.   At the hearing, the Government asserted that it was likely to call the individual as a witness against Defendant and that it had only become recently aware of this possibility.   Mr. Groene agreed that he was subject to a conflict of interest.   The Defendant stated that he had initially considered waiving the conflict, but thought after further consideration that it might not be in his best interest.   The Court informed him that even if Defendant wished to, the Court could not accept his waiver because Mr. Groene would potentially be required to vigorously cross-examine his other client in order to effectively represent Defendant.

Based on the foregoing information, the Court finds that Mr. Groene may no longer represent Defendant because to do so would be a conflict of interest.   *Burket v. Angelone*, 208 F.3d 172 (4th Cir. 2000).   Accordingly, the Government's request to terminate Mr. Groene's representation in its Motion for Inquiry is **GRANTED**.   Further, Attorney James Broccoletti of Norfolk, Virginia is hereby appointed as Defendant's new Defense Counsel.   Attorney Groene shall coordinate with Attorney Broccoletti to provide him with all pleadings, documents, and any other information he has received during his representation of Defendant.

The Clerk is **DIRECTED** to send a copy of this Order to all parties, including Attorney Groene and Attorney Broccoletti.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 11 , 2014

_____
/s/
Raymond A. Jackson
United States District Judge

2